**Rachmad Tjitra WIDJAYA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–2683–ag.

United States Court of Appeals, Second Circuit.

Feb. 6, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B.

Mukasey is automatically substituted for for-

Ronald Salomon, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Janice K. Redfern, Attorney, William C. Minick, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. SONIA SOTOMAYOR, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Rachmad Tjitra Widjaya, a native and citizen of Indonesia, seeks review of a May 24, 2007 order of the BIA affirming the October 26, 2005 decision of Immigration Judge ("IJ") Douglas Schoppert denying Widjaya's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rachmad Tjitra Widjaya,* No. A95 473 685 (B.I.A. May 24, 2007), *aff'g* No. A95 473 685 (Immig. Ct. N.Y. City Oct. 26, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, because Widjaya does not challenge the agency's denial of his asylum application, we deem that claim abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Additionally, because Widjaya failed to exhaust the IJ's denial of his

mer Attorney General Alberto R. Gonzales as a respondent in this case.

request for relief under the CAT in his appeal to the BIA, we are without jurisdiction to consider that claim. *See Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006) (citing *Beharry v. Ashcroft,* 329 F.3d 51, 59 (2d Cir.2003)).

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003). We review the agency's factual findings under the substantial evidence standard. *See, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004) *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc).

▮ Substantial evidence supports the IJ's determination that Widjaya did not suffer past persecution in Indonesia on account of his religion or race. Indeed, Widjaya testified that he was never arrested in Indonesia, was never detained or harmed by the government, and, apart from being hit by his schoolmates, was never physically harmed by anyone. The IJ properly concluded that these childhood taunts and fights suffered by Widjaya, without more, do not rise to the level of persecution. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006) (finding that the harm must be sufficiently severe, rising above "mere harassment."); *Tian–Yong Chen v. INS,* 359 F.3d 121, 127. To the extent that Widjaya argues that his uncle's home being burned supports his claim of past persecution, the IJ properly found that this does not support Widjaya's claim of past persecution. *See*

*Shu Wen Sun v. BIA,* 510 F.3d 377, 381 (2d Cir.2007) ("A petitioner who has 'not personally experienced persecution ... on a protected ground' is ineligible to obtain withholding of removal relief.") (citing *Shi Liang Lin,* 494 F.3d at 306).

Additionally, Widjaya argues that the IJ erred by failing to consider the background materials in the record in making its determination. We will vacate agency findings of no past persecution if the agency fails to consider the entire record, including background reports material to an applicant's claim. *Jorge–Tzoc v. Gonzales,* 435 F.3d 146, 150 (2d Cir.2006); *Yan Chen v. Gonzales,* 417 F.3d 268, 272–73 (2d Cir. 2005). At the same time, however, summary analysis may sometimes be sufficient, and we do not require the agency to provide a detailed analysis of all pieces of evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338, n. 17 (2d Cir.2006) ("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise."). Contrary to Widjaya's argument, the IJ found that Widjaya failed to submit "evidence to show that there's been a significant escalation in persecution or violence directed at ethnic Chinese." The IJ also found that he "could not find *on this record* that [Widjaya] has established a likelihood of harm to himself on return to Indonesia." Additionally, Widjaya has not cited or pointed to any background evidence in the record that the IJ failed to consider that would materially affect his eligibility for withholding of removal. Because the IJ considered the entire record, and because the record does not "compelling suggest[ ]" that the IJ failed to take into account all the evidence before him, we find that Widjaya's argument is without merit. *Xiao Ji Chen,* 471 F.3d at 338 n. 17.

■ Moreover, substantial evidence supports the IJ's determination that Widjaya failed to show that it is more likely than not that his "life or freedom would be threatened" in Indonesia on account of his race or religion. 8 C.F.R. § 1208.16(b)(1); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). The IJ properly found that Widjaya's claim of future persecution was undermined given his testimony that his similarly situated parents continue to attend church in Indonesia without any problems and that his sister is a full-time reverend and evangelist at a church in Indonesia who also has not suffered any problems there. *See Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999) (finding that where asylum applicant's mother and daughters continued to live in petitioner's native country, claim of well-founded fear was diminished); *see also Matter of A–E–M–,* 21 I. & N. Dec. 1157, 1160 (BIA 1998) (finding that applicant lacked a well-founded fear in part, because his family members remained unharmed in Peru since his departure).

Finally, Widjaya argues that he need not show that he will be singled out for persecution in the future because the evidence in the record demonstrates a "pattern or practice of persecution" of ethnic Chinese Christians in Indonesia. *See* 8 C.F.R. § 1208.16(b)(2)(I). Here, unlike our recent decision in *Mufied v. Mukasey* in which we required remand so that the BIA could consider in the first instance Mufied's pattern and practice claim, the IJ addressed this claim in the first instance. *Mufied v. Mukasey,* 508 F.3d 88 (2d Cir. 2007). The IJ specifically applied *Matter of A–M–,* 23 I. & N. Dec. 737 (BIA 2005) to Widjaya's case and held that he should not benefit from a presumption of future persecution based on an alleged "pattern and practice" of persecution. In *Matter of A–M–,* the BIA held that while reports on conditions in Indonesia indicate that there are " 'instances of discrimination and harassment' " against ethnic Chinese Christians, such reports "do[ ] not describe persecution so systemic or pervasive as to amount to a pattern or practice of persecution." 23 I. & N. Dec. at 741. Therefore, the IJ's determination that Widjaya had not met his burden of proof for withholding of removal was proper.

For the foregoing reasons, the petition for review is DENIED, in part, and dismissed, in part. The pending motion for a stay of removal in this petition is DISMISSED as moot.